THOMPSON (TOLMIE v.). See Case No. 14,080.

THOMPSON (TOOKER v.). See Case No. 14,097.

THOMPSON (UNITED STATES v.). See Cases Nos. 16,484–16,492.

THOMPSON (VALARINO v.). See Case No. 16,810a.

THOMPSON (VALERINO v.). See Case No. 16,813a.

---

## Case No. 13,979.

THOMPSON et al v. VOSS.

[1 Cranch. C. C. 108.] [1]

Circuit Court, District of Columbia. Dec. Term, 1802.

WRIT OF ERROR—SUPERSEDEAS—AGREEMENT.

A writ of error is not a supersedeas unless served within ten days after the rendition of the judgment, although the parties should have agreed to a stay of execution for two months; and the writ of error should be served before the expiration of that time.

[This was an action by Thompson & Veitch against Nicholas Voss.]

Fieri facias. Motion to quash the execution, on the ground that a writ of error had issued, and the plaintiffs had joined in error at the supreme court. The judgment below was signed on the 27th of March, 1802, and the execution was, by consent, stayed two months, before the expiration of which time viz., on the 19th of May, the writ of error was filed; and bond given and citation issued. On the 28th of May, a ca. sa. returnable to July term, was issued, but did not go out of the office. On the 8th of September, 1802, the fieri facias issued returnable to December term. At the supreme court of the United States in August, 1802, the defendants in error appeared and joined issue on the assignment of errors.

THE COURT refused to quash the execution, being of opinion that the writ of error is not a supersedeas, unless served by a

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

copy thereof, being lodged for the adverse party in the clerk's office where the record remains, within ten days, Sundays exclusive, after rendering the judgment. Judiciary Act 1789, § 23 (1 Stat. 85).